UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ISABELLA AMARILYS ROMERO,

Plaintiff,

    -against-

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant.
-----------------------------------------------------------------X

ORDER ADOPTING
REPORT AND
RECOMMENDATION
18 Civ. 10460 (NSR)(JCM)

NELSON S. ROMÁN, United States District Judge

    Plaintiff Isabella Amarilys Romero ("Plaintiff" or "Romero") commenced this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied Plaintiff's application for Social Security Income benefits ("SSI"). The Commissioner determined Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). This case was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R & R") on Plaintiff's motion and Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Docket Nos. 15 and 19). On February 3, 2020, MJ McCarthy issued an R & R recommending that Defendant's motion be denied and Plaintiff's motion seeking remand to the agency for further proceedings be granted.

    For the following reasons, the Court reviews the R&R for clear error, finds no clear error, adopts the R&R in its entirety.

1

## BACKGROUND

The following facts are summarized and taken from the administrative record and the parties' submissions.

Plaintiff filed for disability benefits on December 17, 2012, alleging he was disabled as of January 10, 2010, the onset date. Plaintiff's application was initially denied on March 4. 2013. Thereafter, Plaintiff requested a hearing before an administrative judge ("ALJ'). On September 10, 2013, Plaintiff appeared before ALJ Zachary S. Weiss ("ALJ Weiss"), who conducted a hearing. On August 14, 2014, ALJ Weiss issued a decision denying Plaintiff's application for benefits. Plaintiff filed an appeal, a request for review of ALJ's decision with the Social Security Administration's Appeal Council ("Appeal Council"). By decision dated June 3, 2014, the Appeal Council remanded the matter back for a new hearing and to determine whether Plaintiff had engaged in substantial gainful activity since her application date. Following a two day hearing before ALJ Weiss, the ALJ issued a second decision denying Plaintiff' claim for benefits. Plaintiff once again sought review of the ALJ's decision. Such request was denied by the Appeal Council September 5, 2018.

## STANDARD OF REVIEW

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) *quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of*

2

*HHS*, 892 F. 2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

When reviewing an appeal from a denial of SSI, the Court's review is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012); see also 42 U.S.C. § 405(g). The Court does not substitute its judgment for the agency's, "or determine *de novo* whether [the claimant] is disabled." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (alteration in original) quoting *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). However, where the proper legal standards have not been applied and "might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Pollard v. Halter*, 377 F.3d 183, 189 quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d. Cir. 1984). Therefore, "[f]ailure to apply the correct legal standard is grounds for reversal." *Id.* "Where there are gaps in the administrative record or the ALJ has applied an improper legal," remand to the Commissioner "for further development of the evidence" is appropriate. *Rosa v. Callahan*, 168 F.3d 82, 82-83 (2d Cir. 1999) quoting *Pratts v. Chater*, 94 F. 3d 34, 39 (2d Cir. 1996).

# DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error. After review of the R & R the Court finds no clear error. The analysis and conclusions contained in the R & R are adopted in their entirety.

An individual is deemed disabled under the Act if he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. See *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (*quoting* 42 U.S.C. § 423(d)(1)(A)). Upon a review of the administrative record, MJ McCarthy determined that the ALJ's analysis and determination that Plaintiff had engaged in substantial gainful activity at all relevant time was legally flawed and not supported by the substantial evidence. MJ McCarthy noted, *inter alia*, that the ALJ failed to properly take into consideration significant portions of Plaintiff's testimony and disregarded relevant objective financial records. By not considering and evaluating Plaintiff's testimony, records and other evidence, the ALJ deprived the Court of the ability to determine whether this decision and that of the Commissioner were supported by substantial evidence and free from legal error. *Bongarzone v. Commissioner of Soc. Sec.*, 14CV01054 (SN), 2015 WL 1941332, at *8 (S.D.N.Y. April 29, 2015).

Similarly, MJ McCarthy determined that the ALJ failed to properly apply the Treating Physician Rule nor gave adequate reasoning for not according proper weight to Plaintiff's treating physician, Dr. Angela Smith. *See* 20 C.F.R.§§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). The opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other

4

substantial evidence in the record. See *Clark v. Commissioner of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998) *citing* 20 C.F.R. § 404.1527(d)(2)). "Because mental disabilities are difficult to diagnose without subjective, in-person examination, the treating physician rule is 'particularly important' in the context of mental health." *Richardson v. Astrue*, No. 09 CIV. 1841 (SAS), 2009 WL 4793994, at *7 (S.D.N.Y. Dec. 14, 2009). Plaintiff's alleged disabilities included mental health illnesses.

## CONCLUSION

For the reasons stated above, the Court adopts MJ McCarthy's R & R in its entirety. Defendant's motion for Judgment on the Pleadings is DENIED and Plaintiff's motion is GRANTED to the extent of REMANDING the case back to the SSA for further proceedings consistent with the R & R. The Clerk of the Court is respectfully requested to terminate the motions at ECF No. 15 and 19, and to terminate the action.

Dated: March 11, 2020　　　　　　　　　　　　　　　SO ORDERED
　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN